## Sale of Switch-Blades

FRANK P. LAWLEY, JR., Deputy Attorney General, March 26, 1958.—We are in receipt of your communication requesting advice as to whether the sale of certain knives violates section 419 of The Penal Code of June 24, 1939, P. L. 872, as added by the Act of April 4, 1956, P. L. 1382, 18 PS §4419. This section provides:

"Whoever sells, dispenses, gives or delivers or offers or exposes for sale any knife, razor or cutting instrument, the blade of which can be exposed in an automatic way by switch, push-button, spring mechanism, or otherwise, is guilty of a misdemeanor, and upon the conviction thereof, shall be sentenced to pay a fine not exceeding five hundred dollars ($500), or undergo imprisonment not exceeding one year, or both."

The knives in question, we are informed, are of a type resembling an ordinary pocket knife, that is, when not in use the blade of the knife is folded into the handle. The knife is manufactured in Germany and "the blade is 4¼ inches long and 1 inch wide, con-

cealed in a handle and released by the pushing of a button and flipping the wrist. The blade may also be released by gravity and when extended may be locked in place by releasing pressure on the button".

The crux of the problem here presented is whether, after pushing a button, the blade is exposed in an "automatic way" when either by operation of gravity or a "flip of the wrist" the blade is fixed in an open position for use. In the case of W. H. Coe Mfg. Co. v. American Roll Gold Leaf Co., 199 Fed. 435 (D. C. R. I. 1912), the court said, at page 438:

"The word 'automatically' may properly be applied to mechanism which is hand-actuated, as well as to mechanism which is actuated by other mechanism. It may mean 'self-regulating,' as well as self-moving. The operator may do something, and the machine may do the rest. So far as the mechanism does what the operator himself was obliged to do in the prior art, so far as machine parts act in accordance with the law of their organization, and do what otherwise the operator must do himself, so far the word 'automatically' may be properly applied."

Applying the principle of the above quoted case to the instant factual situation, we think it clear that this knife, although hand-actuated, nevertheless operates in an automatic way. The person using the knife pushes the button and the weight of the blade, either by gravity or by motion given to it by the flip of the wrist, "automatically" extends to an open position where it is locked upon the release of pressure on the push button.

We are, therefore, of the opinion and you are accordingly advised that the sale of knives of the type above described violates section 419 of The Penal Code of June 24, 1939, P. L. 872, as added by the Act of April 4, 1956, P. L. 1382.